UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | |
|---|---|
| TAMMY STEPHENS,<br>**Individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ADS ALLIANCE DATA SYSTEMS, INC.,**<br><br>**Defendant.** | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Tammy Stephens ("Plaintiff" or "Stephens") brings this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for ADS Alliance Data Systems, Inc. ("ADS" or "Defendant"), at any time from April 27, 2017 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq*.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her Ohio state law claims are asserted as a class action under Federal Rule of Civil Procedure 23 pursuant to the Ohio Minimum Fair Wage Standards Act, "the Ohio Wag Act" Ohio Rev. Code Ann. ("O.R.C.") §§ 4111.03, 4111.08 and 4111.10 and the Ohio Prompt Pay act ("the OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be jointly referred to as the Ohio Wage Acts. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

1

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and a class action pursuant to the state law of Ohio pursuant to FED. R. CIV. P. 23 to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for ADS in call centers throughout the United States at any time from April 27, 2017 through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3. Specifically, ADS enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

4. ADS's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. ADS knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time periods.

7. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or the Ohio Wage Acts.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the Ohio Wage Acts as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and Plaintiff designated herein be named as Class Representative.

## II.
## THE PARTIES

11. Plaintiff Tammy Stephens ("Stephens") was employed by ADS in Ohio during the relevant time period. Plaintiff Stephens did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former hourly call-center employees who were employed by ADS at any time from April 27, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Stephens worked and was paid.

13. The Ohio Class Members are those current and former hourly call-center employees who were employed by ADS in Ohio at any time from April 27, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Stephens worked and was paid.

---

[1] The written consent of Tammy Stephens is hereby attached as Exhibit "A."

3

14. Defendant ADS Alliance Data Systems, Inc. is a Foreign For-Profit Corporation, licensed to and doing business in Ohio, and can be served through its registered agent: **CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.**

## III.
## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 et. seq.

16. This Court has supplemental jurisdiction over the additional Ohio Wage Acts pursuant to 28 U.S.C. § 1367.

17. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

18. This Court has personal jurisdiction over ADS because the cause of action arose within this District as a result of ADS's conduct within this District.

19. Venue is proper in the Southern District of Ohio because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20. Specifically, ADS is headquartered in Columbus, Ohio (Franklin County), which is located within this District and Division.

21. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

22. ADS provides customer relations services as well as debt collection services for its business clients such as J. Crew, Ulta Beauty, and Pottery Barn throughout the United States.

23. Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by ADS's customers, answering customer inquiries, and calling to collect of debts owed.

4

24. Plaintiff Stephens was employed by ADS in in Akron, Ohio from approximately October 2017 until April 2019.

25. Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

26. Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

27. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to four (4) hours "off-the-clock" per week and have not been compensated for that time.

28. Plaintiff and the Putative Class Members have not been compensated for all of the hours they worked for ADS as a result of ADS's corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

29. Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, read company emails, open multiple different ADS computer programs, log in to each ADS program, and ensure that each ADS program is running correctly—all of which can take up to twenty minutes each day—before they allowed to clock in on the time keeping software application and then take their first phone call.

30. If Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be subject to discipline.

31. If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

32. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock."

33. During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

34. ADS provides Plaintiff and the Putative Class Members with one unpaid lunch break per shift.

35. However, ADS requires Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid lunch break.

36. Plaintiff and the Putative Class were required to stay on the clock and on call until the minute their lunch break began, then they must clock out, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for lunch.

37. Plaintiff and the Putative Class Members were required to log back into their computer, log back into the phone system, then clock in, and be back on the phone right at the moment their lunch break ends.

38. The log off process used prior to going to lunch can take 1-3 minutes.

39. The log in process used after returning from lunch can take 1-3 minutes.

40. This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' lunch break per ADS policy.

41. Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week.

42. Plaintiff and the Putative Class Members then had to reset them, which took ten (10) minutes or more each time.

43. Plaintiff and the Putative Class Members were also not compensated for the time they worked for ADS rebooting ADS's computers after they crashed.

6

44. In addition, ADS also enforced a uniform company-wide policy wherein they improperly required Plaintiff and the Putative Class Members to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc., 873 F.3d 420, 425 (3d Cir. 2017).

45. ADS permitted Plaintiff and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

46. As a result of ADS's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid lunch break, and requiring Plaintiff and the Putative Class Members to clock out for short breaks, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

47. ADS has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff Stephens.

48. ADS is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but has failed to do so.

49. Because ADS did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, ADS's pay policies and practices violate the FLSA.

50. Because ADS did not pay Plaintiff and the Putative Class Members for all hours worked on behalf of ADS, ADS's pay policies and practices also violate the Ohio Acts.

## V.
## CAUSES OF ACTION

### COUNT ONE
(Collective Action Alleging FLSA Violations)

**A.     FLSA COVERAGE**

51.    Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

52.    The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY ADS ALLIANCE DATA SYSTEMS, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM APRIL 29, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

53.    At all times hereinafter mentioned, ADS has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

54.    At all times hereinafter mentioned, ADS has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

55.    At all times hereinafter mentioned, ADS has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

56. During the respective periods of Plaintiff and the FLSA Collective Members' employment by ADS, these individuals have provided services for ADS that involved interstate commerce for purposes of the FLSA.

57. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

58. Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly call-center employees of ADS who assisted ADS's customers who live throughout the United States. 29 U.S.C. § 203(j).

59. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

60. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 52.

61. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of ADS.

**B.  FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

62. ADS has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

9

63. Moreover, ADS knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

64. ADS is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

65. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted ADS to pay them according to the law.

66. The decisions and practices by ADS to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

67. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     COLLECTIVE ACTION ALLEGATIONS**

68. All previous paragraphs are incorporated as though fully set forth herein.

69. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of ADS's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

70. Other similarly situated employees of ADS have been victimized by ADS's patterns, practices, and policies, which are in willful violation of the FLSA.

71. The FLSA Collective Members are defined in Paragraph 52.

72. ADS's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable

10

policies and practices of ADS, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

73. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

74. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

75. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

76. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

77. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and ADS will retain the proceeds of its rampant violations.

78. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

79. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 52 and notice should be promptly sent.

**COUNT TWO**
**(Class Action Alleging Violations of** the Ohio Wage Act and the OPPA**)**

A.      **OHIO WAGE ACTS COVERAGE**

80. All previous paragraphs are incorporated as though fully set forth herein.

81. The Ohio Acts Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY ADS ALLIANCE DATA SYSTEMS, INC., IN THE STATE OF OHIO, AT ANY TIME FROM APRIL 29, 2018 THROUGH THE FINAL**

**DISPOSITION OF THIS MATTER. ("Ohio Class" or "Ohio Class Members")**

82. At all times hereinafter mentioned, ADS has been an employer within the meaning of the Ohio Wage Act, O.R.C. § 4111.03(D)(2) and the OPPA, O.R.C. § 4113.15 (A).

83. At all times hereinafter mentioned, Plaintiff Stephens and the Ohio Acts Class members have been employees within the meaning of the Ohio Wage Act, O.R.C. § 4111.03(D)(3) and the OPPA, O.R.C. § 4113.15 (A).

84. Plaintiff Stephens and the Ohio Acts Class Members were or have been employed by ADS since April 27, 2017, and have been covered employees entitled to the protections of the Ohio Wage Acts and were not exempt from the protections of the Ohio Wage Acts.

85. The employer, ADS, is not exempt from paying overtime benefits under the Ohio Acts.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE OHIO WAGE ACT**

86. All previous paragraphs are incorporated as though fully set forth herein.

87. The Ohio Wage Act requires that employees, including Plaintiff Stephens and the Ohio Acts Class Members receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

88. The OPPA requires that ADS pay Plaintiff Stephens and the Ohio Acts Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month.

89. Plaintiff Stephens and the Ohio Acts Class Members were or have been employed by ADS since April 29, 2018 and have been covered employees entitled to the protections of the Ohio Acts.

90. ADS is an employer covered by the requirements set forth in the Ohio Wage Acts.

91. Plaintiff Stephens and the Ohio Acts Class Members are not exempt from receiving overtime benefits under the Ohio Wage Act.

92. Plaintiff Stephens and the Ohio Acts Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, ADS violated the Ohio Acts by failing to pay Plaintiff Stephens and the Ohio Acts Class Members any overtime premium for hours worked over 40 per week.

93. Plaintiff Stephens and the Ohio Acts Class Members were not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work.

94. The wages of Plaintiff Stephens and the Ohio Acts Class Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

95. Plaintiff Stephens and the Ohio Acts Class Members have suffered damages and continue to suffer damages as a result of ADS's acts or omissions as described herein; though ADS is in possession and control of necessary documents and information from which Plaintiff Stephens would be able to precisely calculate damages

96. In violating the Ohio Acts, ADS acted willfully, without a good faith basis, and with reckless disregard of Ohio Wage Act and the OPPA.

97. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Ohio Acts, is defined in Paragraph 81.

98. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of ADS.

C.     **OHIO ACTS CLASS ALLEGATIONS**

99. All previous paragraphs are incorporated as though fully set forth herein.

13

100. Plaintiff Stephens brings her Ohio Acts claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by ADS to work in Ohio since April 29, 2018.

101. Class action treatment of Plaintiff Stephens' Ohio Wage Acts claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

102. The number of Ohio Acts Members is so numerous that joinder of all class members is impracticable.

103. Plaintiff Stephens is a member of the Ohio Acts Class, her claims are typical of the claims of other Ohio Acts Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

104. Plaintiff Stephens and her counsel will fairly and adequately represent the Ohio Acts Class Members and their interests.

105. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

106. Accordingly, the Ohio Acts Class should be certified as defined in Paragraph 81.

## VI.

## RELIEF SOUGHT

107. Plaintiff Stephens respectfully pray for judgment against ADS as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 52 and requiring ADS to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order certifying the Ohio Class as defined in Paragraph 81 and designating Plaintiff Stephens as the Class Representative of the Ohio Class;

c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order pursuant to Section 16(b) of the FLSA finding ADS liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit)

e. For an Order pursuant to Ohio law awarding Plaintiff Stephens and the Ohio Class Members unpaid wages and other damages allowed by law;

f. For an Order awarding the costs and expenses of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Plaintiff Stephens a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of Defendant, at Defendant's expense; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: April 29, 2020          Respectfully submitted,

By:    /s/ *Robert E. DeRose*
       **Robert E. DeRose** (OH Bar No. 0055214)
       bderose@barkanmeizlish.com
       **Jessica R. Doogan** (OH Bar No. 0092105)
       jdoogan@barkanmeizlish.com
       **BARKAN MEIZLISH DEROSE WENTZ MCINERNEY PEIFER, LLP**
       250 E. Broad St., 10th Floor
       Columbus, Ohio 43215
       Telephone: (614) 221-4221
       Facsimile: (614) 744-2300

**Local Counsel**

By:    /s/ *Clif Alexander*
       **Clif Alexander** (application *pro hac vice* forthcoming)
       Texas Bar No. 24064805
       clif@a2xlaw.com
       **Austin W. Anderson** (application *pro hac vice* forthcoming)
       Texas Bar No. 24045189
       austin@a2xlaw.com
       **ANDERSON ALEXANDER, PLLC**
       819 N. Upper Broadway
       Corpus Christi, Texas 78401
       Telephone: (361) 452-1279
       Facsimile: (361) 452-1284

**Attorneys in Charge for Plaintiff and Putative Class Members**