# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Tammy Stephens,**
*Individually and on behalf of all*
*others similarly situated,*

                 **Plaintiff,**                  **Case No. 2:20-cv-2152**

                    **v.**                           **Judge Michael H. Watson**

**ADS Alliance Data Systems, Inc.,**        **Magistrate Judge Jolson**

              **Defendant.**

## OPINION AND ORDER

In April 2020, Tammy Stephens filed her Complaint against ADS Alliance Data Systems, Inc. ("Defendant") pursuing claims under the Fair Labor Standards Act ("FLSA") and analogous Ohio laws. ECF No. 1. Stephens asserted the FLSA claims as a collective action and the Ohio state-law claims as a class action under Federal Rule of Civil Procedure 23. *Id.* The Court has already conditionally certified a collective action for the federal claims, and the notice and opt-in period has closed. ECF No. 48. The Court has not yet certified a Rule 23 class for the state-law claims.

The parties previously moved for preliminary approval of their settlement agreement. ECF No. 118. The Court denied that motion without prejudice because the written settlement agreement did not conform to the oral representations the parties made to the Court. ECF No. 120. The Court also

cautioned the parties that it was skeptical that the structure of the proposed settlement was proper. *Id*. The parties now move again for preliminary approval of their settlement agreement (the "Settlement Agreement"). ECF No. 123. In their motion, they seek final Court approval of their FLSA settlement for the opt-in plaintiffs and for preliminary approval under Rule 23 as to the state-law claims. *Id.* For the following reasons, the motion is **DENIED WITHOUT PREJUDICE**.

## I.

The parties offer the following definition for their proposed Rule 23 class:

> All employees who are current and former hourly Care Center employees and Work at Home Care Center employees who were employed by Defendant Alliance Data in Ohio for a period of more than thirty days and whose job it was to interact with customers via the telephone and/or the computer from April 29, 2018 through the final disposition of this matter.

Mot. 6, ECF No. 123. The parties indicate that the FLSA collective includes the following people:

> The 790 Class Members who have filed a Consent to Join in this Action, including those who filed a Consent to Join on or after April 2, 2021, and were dismissed by the Court without prejudice in Docket Number 103. The Opt-In Party Plaintiffs shall not include any person whose opt-in/Consent to Join was dismissed by the Court with prejudice in Docket Number 102.

*Id*.

A review of the Settlement Agreement reveals that the parties envision two groups of plaintiffs and three different tiers of recovery. *See* Settlement Agreement, ECF No. 123-1. The first group of plaintiffs are those who opted-in to the FLSA collective action and are, by all appearances, also eligible for the

Rule 23 class (the "FLSA Plaintiffs"). *See id.* ¶ 6. The second group are those who did not opt-in to the FLSA collective action but who are eligible for the Rule 23 class (the "Rule 23 Plaintiffs"). *Id.* ¶¶ 7.

Turning to the recovery tiers, at each tier, a plaintiff is eligible for a different possible "Individual Settlement Amount." *Id.* ¶ 23–25. The starting point for this Individual Settlement Amount is each plaintiff's pro rata share of the total settlement amount, after subtracting various fees, expenses, and payments. *Id.* The three tiers are as follows:

- Tier 1: All FLSA Plaintiffs will receive 100% of their Individual Settlement Amount for the period from April 29, 2017, through the present. *Id.* ¶ 25

- Tier 2: All Rule 23 Plaintiffs who return a "claim form" (a form "claiming" the signor's recovery and affirmatively "releasing" their federal and state claims) will receive 100% of their Individual Settlement Amount for the period from April 29, 2018, through the present. *Id.*; *see also id.*, Ex. A, ECF No. 123-1.

- Tier 3: All Rule 23 Plaintiffs who do not return a "claim form" will receive 50% of their Individual Settlement Amount for the period from April 29, 2018, through the present. *Id.* ¶ 25.

In summary, of the possible Individual Settlement Amount, Tier 1 Plaintiffs receive 100% for a period beginning in April 2017; Tier 2 Plaintiffs receive 100%

for a period beginning in April 2018; and Tier 3 Plaintiffs receive 50% for a period beginning in April 2018. *Id.*

The Settlement Agreement defines "Representative Plaintiffs" as Cathy Howard and Brenda Parsons. *Id.* ¶ 3. Both Ms. Howard and Ms. Parsons have opted-in to the FLSA collective action. *See* ECF No. 3-1; ECF No. 16. So, Ms. Howard and Ms. Parsons are FLSA, Tier 1 Plaintiffs.

## II.

There are multiple problems with the proposed settlement. To begin, any settlement of the Tier 3 class members' claims pursuant to Rule 23 cannot include a release of those members' FLSA claims, especially because Tier 3 class members do not need to take any affirmative action besides cashing a check to release their FLSA claims. *O'Bryant v. ABC Phones of N. Carolina, Inc.*, No. 2:19-CV-02378, 2020 WL 4493157, at *10 (W.D. Tenn. Aug. 4, 2020) (explaining that "multiple courts have found that cashing a check cannot satisfy § 216(b)'s opt-in mandate" (collecting cases)). Although Tier 2 Plaintiffs at least must take the affirmative action of signing a release form to release their FLSA claims, this release still contravenes the general rule that "FLSA claims cannot be settled through a Rule 23 class action." *Hodges v. 77 Grandville*, No. 1:19-CV-81, 2021 WL 5924863, at *1 (W.D. Mich. June 22, 2021) (collecting cases)). Additionally, it is questionable whether those releases would be valid absent the releases being filed on the docket. *See O'Bryant*, 2020 WL 4493157, at *10 (explaining the requirement that FLSA opt-in consents must be filed on the

docket). So, if the parties choose to file a new settlement agreement, they must ensure that those class members who settle only under Rule 23 are not releasing their FLSA claims.

The next problem is adequacy of representation, one of the Rule 23(a) prerequisites for class certification. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." To satisfy the adequacy of representation requirement, a plaintiff must satisfy two elements: "1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representative[] will vigorously prosecute the interests of the class through qualified counsel." *Pelzer v. Vassalle*, 655 F. App'x 352, 364 (6th Cir. 2016)

In this case, the first element is not satisfied. Howard and Parsons are FLSA, Tier 1 Plaintiffs. As such, Howard and Parsons do not share common interests with the unnamed Tier 2 or Tier 3 Rule 23 class members. There are two sub-issues within the adequacy problem.

First, as explained in more detail below, it is not clear whether counsel intend for any FLSA (Tier 1) Plaintiffs, including Howard and Parsons, to simultaneously be members in the Tier 2 or Tier 3 Rule 23 class. Obviously, if Howard and Parsons, by virtue of being in Tier 1, cannot be members of the Tier 2 or Tier 3 Rule 23 class, they cannot be adequate representatives of those absent Tier 2 or Tier 3 class members.

In addition, as Tier 1 Plaintiffs, Howard and Parsons are in the highest tier of recovery possibilities, which further distinguishes them from the Tiers 2 and 3 Plaintiffs. *Hodges v. 77 Grandville*, No. 1:19-CV-81, 2022 WL 456769, at *2 (W.D. Mich. Feb. 15, 2022) (finding the parties did not establish adequacy in a combined FLSA and Rule 23 proposed settlement where there was a two-tier recovery system and the representative plaintiff would recover at the higher tier of recovery); *cf. Pelzer*, 655 F. App'x at 364 ("[T]he most important aspect of the adequacy factor of Rule 23 is that all the class members' interests are aligned. Both the named plaintiffs and the unnamed class members are subject to the same provisions in the settlement agreement.").

Accordingly, the parties have not satisfied the Rule 23(a) requirements because they have not named a representative plaintiff for each of the proposed tiers of recovery.

The next problem is that the Settlement Agreement does not appear to give the FLSA, Tier 1 Plaintiffs an opportunity to opt-out of the Rule 23 class. *See* Settlement Agreement ¶¶ 25, 43, ECF No. 123-1. Indeed, the Settlement Agreement does not appear to contemplate even sending notice of the Rule 23 settlement to Tier 1 class members. *Id.* The Court recognizes that, in reality, an FLSA, Tier 1 Plaintiff may be unable to recover anything in the Rule 23 settlement because of the general prohibition against double recovery. However, the "opt-in feature of a collective action under the FLSA and the opt-out feature for a Rule 23 class action are the 'fundamental' and 'irreconcilable' differences

between the two types of actions." *Hodges*, 2022 WL 456769, at *2 (citing cases). So, the FLSA, Tier 1 Plaintiffs must be given the opportunity to opt-out of (and object to) the Rule 23 settlement. *Id.* ("All members of the proposed class must be afforded the opportunity to object to the proposed settlement and all members of the proposed class must be afforded the opportunity to opt out of the proposed settlement.").[1]

## III.

For these reasons, the joint motion is **DENIED WITHOUT PREJUDICE**.

If the parties believe they would benefit from the help of a mediator to structure an acceptable settlement, they are **DIRECTED** to contact the Court at Watson_chambers@ohsd.uscourts.gov, and the Court will assign a mediator to assist the parties.

The Clerk is **DIRECTED** to terminate ECF No. 123.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] During an informal teleconference with the Court, the parties represented that the FLSA, Tier 1 Plaintiffs would be automatically excluded from the Rule 23 class. However, the proposed FLSA notice form does not reflect this automatic opt-out. *See* Notice, ECF No. 123-3. Nor was the Court able to find any provision in the Settlement Agreement that reflected that system. *See generally*, Settlement Agreement, ECF No. 123-1.