# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Tammy Stephens,

        Plaintiff,

    v.

ADS Alliance Data Systems, Inc.,

        Defendant.

Case No. 2:20-cv-2152

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Plaintiffs Cathy Howard and Brenda Parsons ("Plaintiffs") and ADS Alliance Data Systems, Inc. ("Defendant" or "ADS") move for preliminary approval of a class action settlement (the "Motion"), related to Plaintiffs' claims against ADS. The Court has considered the Motion, the Third Amended Joint Stipulation of Settlement and Release ("Settlement" or "Settlement Agreement"), the proposed Notice of Class Action Settlement, and proposed Claim Form, and the submissions of counsel, and hereby **FINDS** and **ORDERS** as follows:

1.    The Court finds pursuant to Fed. R. Civ. P. 23(e)(1)(A) that the Parties have provided sufficient information for the Court to determine whether to give notice of the settlement to the Settlement Class.

2.    The Court finds pursuant to Fed. R. Civ. P. 23(e)(1)(B)(i) that the terms of the Settlement Agreement appear to be fair, reasonable, and adequate such that it will likely be able to finally approve the Settlement Agreement under Fed. R. Civ. P. 23(e)(2) after the hearing on final approval of the Settlement

Agreement. Specifically, the Court preliminarily finds: that the Named Plaintiffs and their counsel have adequately represented the putative Settlement Class, that the settlement negotiations were conducted at arm's length, that the Settlement Agreement treats class members equitably relative to each other, and that the relief offered by the Settlement Agreement appears to be fair, reasonable, and adequate, taking into account:

    (a)    the costs, risks, and delay of trial and appeal;

    (b)    the effectiveness of any proposed method of distributing relief to the class; including the method of processing class-member claims;

    (c)    the terms of any proposed award of attorney's fees, including timing of payment; and

    (d)    any agreement required to be identified under Rule 23(e)(3).

3.    The Court further finds pursuant to Federal Rule of Civil Procedure 23(e)(1)(B)(ii) that it will likely be able to certify the Settlement Class for settlement purposes after the hearing on final approval of the Settlement Agreement, for the following reasons:

    (a)    The Settlement Class is ascertainable, as the class definition is based on objective criteria found in Defendant's business records;

    (b)    The Settlement Class is sufficiently numerous—approximately 3,000 members—to satisfy Fed. R. Civ. P. 23(a)(1);

    (c)    The Settlement Class shares an overriding common question sufficient to satisfy Fed. R. Civ. P. 23(a)(2) regarding whether the class

members were subjected to the same company-wide policy that caused them to engage in compensable services while off the clock, and without pay;

(d)     The Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a)(3) because the Representative Plaintiff's claims are typical of the Settlement Class Members they seek to represent;

(e)     The Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a)(4) because the Representative Plaintiff is an adequate representative of the Settlement Class, and Representative Plaintiff's counsel has the qualifications and experience necessary to serve as Class Counsel on behalf of the Settlement Class; and

(f)     The Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because a predominant common question in this litigation is whether the class members were subjected to the same company-wide policy that caused them to engage in compensable services while off the clock, and without pay.  Further, the class action device is superior to other methods of resolving the issues in this litigation, including thousands of individual lawsuits.

4.     Therefore, pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, a Settlement Class defined as follows:

All employees who are current and former hourly Care Center employees and Work at Home Care Center employees who were employed by Defendant in Ohio for a period of more than thirty days and whose job it was to interact with customers via the telephone and/or the computer from April 29, 2018 through the final disposition of this matter. The Ohio Settlement Class shall not include anyone who has already opted into the Fair Labor Standards Act collective action in *Tammy Stephens, et al. v. ADS Alliance Data Systems, Inc.*, Case No. 2:20-cv-02152-MHW-K.AJ. The Ohio Settlement Class Participants, as finally approved by the Court and subject to the final judgment entered in this Action, shall not include anyone who has timely and validly opted out of the Rule 23 Ohio class settlement.

4. The Court appoints, for settlement purposes only, Cathy Howard as Representative Plaintiff.

5. The Court appoints, for settlement purposes only, Anderson Alexander, LLP and Barkan Meizlish DeRose Cox, LLP as Class Counsel.

6. The Court appoints ILYM Group, Inc. as Settlement Administrator.

7. The Court directs pursuant to Fed. R. Civ. P. 23(e)(1)(B) that notice of the settlement be given to all Settlement Class Members. The Court approves, as to form and content, the Notice of Class Action Settlement ("Notice") and the Claim Form, attached to the Motion as Exhibits B and D, respectively. However, the parties must ensure that the Notice is updated to include the class definition outlined above. The Settlement Administrator is ordered to disseminate the Notice, Claim Form, and a copy of the Settlement Agreement by First Class Mail to the members of the Class as provided in the Settlement according to the deadlines included in the Settlement.

8.      Each Ohio Settlement Class Member (other than the Representative Plaintiff) will have forty-five days after the date on which the Settlement Administrator disseminates the Notice to submit a Claim Form, a written request for exclusion from the Class, or to object to the Settlement, as described in the Settlement Agreement and the Notices.

11.      The Court will conduct a Final Approval Hearing on January 24, 2024 at 11:00 a.m. to confirm the overall fairness of the Settlement and to set the amount of reasonable attorneys' fees and costs to Class Counsel and incentive awards to the Representative Plaintiff.  The Final Approval Hearing may be continued without further notice to members of the Class.  Class Counsel shall file their motion for reasonable attorneys' fees, costs, expenses, and the Class Representative payment sought in the Settlement, on or before January 10, 2024 at 5:00 p.m.  The Parties shall file their joint motion for final settlement approval, on or before January 10, 2024 at 5:00 p.m.

12.      The Court enjoins Class Members under the All Writs Act, 28 U.S.C. § 165, from filing or prosecuting up to the date of entry of a Final Approval Order, or the voiding of the Settlement Agreement, any claims, suits, or administrative proceedings regarding claims released by them under the Settlement unless and until such Class Members have submitted valid and timely Requests for Exclusion with the Settlement and the Claim Deadline has elapsed.

Case No. 2:20-cv-2152                                                Page 5 of 6

13.    The Court authorizes and approves the establishment of a Qualified Settlement Fund ("QSF") related to this Settlement and will maintain jurisdiction over the QSF during the pendency of the settlement administration process.

The Clerk shall terminate ECF Nos. 128 and 135.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT